1  Aaron Kaufmann, Esq., SBN 148580
   David Pogrel, Esq., SBN 203787
2  HINTON, ALFERT & SUMNER
   1646 N. California Blvd., Suite #600
3  Walnut Creek, CA  94596
   Telephone: (925) 932-6006
4  Facsimile:  (925) 932-3412

5  Jules Sandford, Esq., SBN 31088
   Lorraine Grindstaff, Esq., SBN 112346
6  PATTEN, FAITH & SANDFORD
   635 West Foothill Blvd.
7  Monrovia, CA  91016-2038
   Telephone: (626) 359-9335
8  Facsimile: (626) 303-2391

9  Attorneys for PLAINTIFFS

10

11                 IN THE UNITED STATES DISTRICT COURT          *E-FILED - 4/14/06*

12         FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE

13  MOHIT NARAYAN, HANNA RAHAWI, and        **CLASS ACTION**
    THOMAS HEATH, on behalf of themselves,
14  all others similarly situated, and the general   **Case No. C 05-04181 RMW**
    public,
15                                                    **STIPULATION AND ORDER FOR FILING**
                Plaintiffs,                           **OF FIRST AMENDED COMPLAINT**
16
           v.
17
    EGL, INC., a Texas Corporation; EAGLE
18  FREIGHT SERVICES, INC.; and DOES 1-10,
    inclusive,
19
                Defendants.
20

21

22

23

24

25

26

27

28

1        IT IS HEREBY STIPULATED by and between the parties hereto through their respective

2   attorneys of record that Plaintiffs may file the First Amended Complaint, a copy of which is

3   attached hereto, WITHOUT PREJUDICE TO Defendant's right to assert all defenses thereto.

4        IT IS FURTHER STIPULATED that the First Amended Complaint shall be deemed served

5   as of the date Defendant is served with notice that the Court has issued its Order approving this

6   Stipulation, and Defendant shall have ten days thereafter to respond thereto.

7

8   DATED: ~~February~~ *March* 24, 2006.

9                   HINTON, ALFERT & SUMNER

10

11  By: _____

12               AARON KAUFMANN
                 Attorneys for Plaintiffs

13  DATED: ~~February~~ 24, 2006

14                  AKIN GUMP STRAUSS HAUER & FELD LLP

15

16  By: _____

17               KAREN KUBIN
                 Attorneys for Defendant, EGL, INC.

18

19  IT IS SO ORDERED.

20  DATED: 4/14, 2006

21

22  By: /S/ RONALD M. WHYTE

23              HON. RONALD M. WHYTE
                U.S. DISTRICT JUDGE

24

25

26

27

28

-1-

Aaron Kaufmann, Esq., SBN 148580
David Pogrel, Esq., SBN 203787
HINTON, ALFERT & SUMNER
1646 N. California Blvd., Suite #600
Walnut Creek, CA  94596
Telephone: (925) 932-6006
Facsimile:  (925) 932-3412

Jules Sandford, Esq., SBN 31088
Lorraine Grindstaff, Esq., SBN 112346
PATTEN, FAITH & SANDFORD
635 West Foothill Blvd.
Monrovia, CA  91016-2038
Telephone: (626) 359-9335
Facsimile:  (626) 303-2391

Attorneys for PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHIT NARAYAN, HANNA RAHAWI, and THOMAS HEATH, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>EGL, INC., a Texas Corporation; EAGLE FREIGHT SERVICES, INC.; and DOES 1-10, inclusive,<br><br>Defendants. | **CLASS ACTION**<br><br>**Case No. C 05-04181 RMW**<br><br>**FIRST AMENDED COMPLAINT**<br><br>(1) **REIMBURSEMENT OF BUSINESS EXPENSES (Labor Code §2802);**<br><br>(2) **UNLAWFUL DEDUCTIONS FROM WAGES (Labor Code §§221, 223, 400-410);**<br><br>(3) **COERCED PURCHASES (Labor Code §450);**<br><br>(4) **FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS (Labor Code §§226.7, 512);**<br><br>(5) **FAILURE TO PAY OVERTIME COMPENSATION (Labor Code §§510, 1194);**<br><br>(6) **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS (Labor Code §226, 226.3);**<br><br>(7) **FAILURE TO KEEP ACCURATE PAYROLL RECORDS (Labor Code §§1174, 1174.5);**<br><br>(8) **WAITING TIME PENALTIES (Labor Code §201-203); and**<br><br>(9) **VIOLATIONS OF UCL (Labor Code §17200 *et seq.*)** |

1.    PLAINTIFFS Mohit Narayan, Hanna Rahawi, and Thomas Heath allege as follows on behalf of themselves, all others similarly situated, and the general public:

## I.    INTRODUCTION

2.    This is an action for relief from defendants' misclassification of its California pick-up and delivery drivers as "independent contractors."  Defendant EGL, Inc. dba "EGL Eagle Global Logistics" ("EGL") and its affiliates (collectively "DEFENDANTS") are in the freight transport business, relying on PLAINTIFFS and similarly situated drivers for the pick-up and delivery of the freight.  DEFENDANTS exercise pervasive control over its freight transport operations, including PLAINTIFFS and similarly situated drivers, such that the drivers operating in California are in fact DEFENDANTS' employees under California law.

3.    By misclassifying the drivers as independent contractors, DEFENDANTS have sought to avoid various duties and obligations owed to employees under California's Labor Code and Industrial Welfare Commission ("IWC") wage orders, including: the duty to indemnify employees for all expenses and losses necessarily incurred in connection with their employment (Cal. Labor Code §2802; IWC wage order No. 9, §§ 8-9); the duty to provide workers' compensation coverage (Cal. Labor Code §§ 3200 *et seq.*); the duty to provide off-duty meal periods (Cal. Labor Code §§ 512, 226.7; IWC wage order No. 9, § 11); the duty to avoid coercion in purchase of necessary equipment, materials, and services (Cal. Labor Code § 450); the duties to pay overtime premium pay to those drivers operating vehicles with a gross vehicle weight rating of less than 10,001 pounds, including but not limited to small step package vans (hereinafter "Van Drivers") and to document their actual hours worked (Cal. Labor Code §§ 510, 1174, 226, 1194; IWC wage order No. 9, §§ 3, 7); and other legal obligations.

4.    EGL has maintained this policy and practice of treating its drivers as independent contractors while acknowledging that "[t]he Internal Revenue Service, state authorities and other third parties have at times successfully asserted that independent owner/operators in the transportation industry, including those of the type we use in connection with your local pick up and delivery operations, are 'employees' rather than 'independent contractors.'" (EGL's 2004 10-K filing with the S.E.C., p. 10.)

5.     PLAINTIFFS Narayan, Rahawi, and Heath bring claims individually and as a class action, under Cal. Code of Civil Procedure § 382, on behalf of similarly situated pick-up and delivery drivers working from DEFENDANTS' California facilities (collectively hereinafter "Drivers" or "Class Members"). PLAINTIFFS challenge DEFENDANTS' policy of willfully and unlawfully misclassifying its Drivers as "independent contractors" and thereby refusing to indemnify them for employment-related expenses and losses, failure to provide workers' compensation insurance, taking wrongful deductions from their wages, coercing them to purchase necessary services and items, failing to provide off-duty meal periods, and failing to pay overtime compensation and to document actual hours worked as required by California law. This misclassification policy has been in effect for at least four years prior to the filing of this action.

6.     PLAINTIFFS Narayan, Rahawi, and Heath, on behalf of themselves and other current and former Drivers, bring claims for reimbursement of business expenses and losses, reimbursement of deductions wrongfully taken from wages, meal period pay, unpaid overtime compensation, statutory and civil penalties, interest, and attorneys' fees and costs, under Cal. Labor Code §§ 203, 218.5, 226.7, 1194, 2699 and 2802, and Code of Civil Procedure § 1021.5. PLAINTIFFS also seek relief on behalf of the class and in a representative capacity, pursuant to Cal. Business and Professions Code §§ 17200-17208 (also referred to herein as the "UCL"), including injunctive relief, restitution, and disgorgement of all benefits DEFENDANTS have enjoyed from the unlawful practices referenced above and detailed below. These class and representative action claims are brought on behalf of PLAINTIFFS and all current and former similarly situated Drivers employed by DEFENDANTS during the period commencing four years prior to the filing of this action (the "Class Period").

## II.    PARTIES

### A.    Plaintiffs

7.     Plaintiff Mohit Narayan resides in Stockton, California (San Joaquin County). He has been a full-time EGL pick-up and delivery truck driver for DEFENDANTS from approximately July 1999 to the present. Throughout his tenure as an EGL truck driver he has worked out of DEFENDANTS' facilities in Sacramento, California (Sacramento County). Plaintiff

1   Narayan has leased a bobtail truck to carry out his duties for DEFENDANTS throughout his tenure

2   as an EGL truck driver.

3       8.      Plaintiff Hanna Rahawi resides in Stockton, California (San Joaquin County).  He

4   has been a full-time EGL pick-up and delivery truck driver for DEFENDANTS from late 1998 to

5   the present.  Since approximately May 2003, Rahawi has served as a full-time EGL truck driver out

6   of DEFENDANTS' facilities located in Brisbane, California (San Mateo County).  Prior to that he

7   worked out of DEFENDANTS' facilities in San Jose, California (Santa Clara County).  Plaintiff

8   Rahawi owns the bobtail truck he uses to carry out his duties for DEFENDANTS.

9       9.      Plaintiff Thomas Heath currently resides in Clio, Michigan.  He was a full-time

10  EGL pick-up and delivery van driver for DEFENDANTS from late 1999 to approximately July

11  2002.  Throughout this time, Heath served as an EGL van driver out of DEFENDANTS'

12  Sacramento facilities.  Heath owned a GMC Savana one ton cargo van that he used to carry out his

13  duties for DEFENDANTS.

14  **B.    Defendants**

15      10.     Defendant EGL, Inc. is incorporated under the laws of Texas.  It is a publicly-traded

16  company (NASDAQ: EAGL) engaged in what it describes as "the business of domestic and

17  international freight transportation, customs brokerage, global logistics, supply chain management

18  and information services for commercial and industrial customers."  Operating as EGL Eagle

19  Global Logistics, the company claims to be a Fortune 1000 company with over $2.7 billion in

20  revenue in 2004.  EGL's corporate headquarters are in Houston, Texas.  Defendant EGL is and at

21  all relevant times was an employer covered by the Cal. Labor Code and IWC wage order No. 9.

22      11.     PLAINTIFFS are informed and believe and on such information and belief allege

23  that Defendant EFS is a wholly-owned subsidiary of EGL.  Defendant EFS is and at all relevant

24  times was an employer covered by the Cal. Labor Code and IWC wage order No. 9.

25      12.     The true names and capacities, whether individual, corporate, associate, or

26  otherwise, of defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to

27  PLAINTIFFS, who therefore sue defendants by such fictitious names under Cal. Code of Civil

28  Procedure § 474.  PLAINTIFFS are informed and believe, and based thereon allege, that each of

-3-

1    the defendants designated herein as a DOE is legally responsible in some manner for the unlawful

2    acts referred to herein.  PLAINTIFFS will seek leave of court to amend this Complaint to reflect

3    the true names and capacities of the defendants designated hereinafter as DOES when such

4    identities become known.  Hereinafter DEFENDANTS and the DOE defendants shall be referred

5    to collectively as "DEFENDANTS" and/or "EGL."

6            13.    PLAINTIFFS are informed and believe, and on such information and belief allege,

7    that each defendant acted in all respects pertinent to this action as the agent of the other defendants,

8    carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of

9    each defendant are legally attributable to the other defendants.

10                   **III.    STATEMENT OF FACTS**

11           14.    DEFENDANTS are a domestic and international freight shipping and delivery

12   operation, using an integrated network of transportation, sorting, warehousing, and communication

13   facilities.

14           15.    During the Class Period, DEFENDANTS have employed hundreds of pick-up and

15   delivery truck and van drivers (collectively referred to as "Drivers") in facilities located in

16   California, including in or about Brisbane, Los Angeles, Ontario, Sacramento, San Diego, San

17   Jose, and South San Francisco.  These Drivers were integrated into DEFENDANTS' business, as

18   they were hired to timely deliver and pick-up packages and other freight based on times, locations,

19   and for amounts determined by DEFENDANTS.

20           16.    DEFENDANTS retain the right to control the manner and means by which

21   PLAINTIFFS and similarly situated Drivers perform their jobs.  The Drivers work from

22   DEFENDANTS' terminals, where they are assigned packages for delivery and locations for pick-

23   ups each day.  They work shifts pre-determined by DEFENDANTS.  Some Drivers are assigned

24   pre-determined routes, in which they service customers within a specific geographic region; while

25   others serve as "floaters," serving whatever area their pick-up and delivery assignments take them.

26   DEFENDANTS employ dispatchers, customer service representatives, and a variety of managerial

27   employees at their terminals who have supervisory responsibility over the Drivers, their daily

28   assignments and paperwork.  Drivers interact with DEFENDANTS' personnel on a daily basis.

17.     DEFENDANTS unilaterally set the compensation to be paid to the Drivers. DEFENDANTS purport to pay the Drivers a percentage of the fees it charges their customers.

18.     DEFENDANTS unilaterally set the prices charged to their customers for the services rendered by the Drivers.  The Drivers have no control over the rates charged to DEFENDANTS' customers.

19.     The Drivers' remuneration depends on their ability to drive their vehicles and to load and un-load freight.

20.     When Drivers do not follow DEFENDANTS' rules or instructions, they are subject to various types of punishment, some financial and some disciplinary.

21.     PLAINTIFFS and similarly situated Drivers have provided services that are an integral part of DEFENDANTS' business enterprise.  By providing vehicles with required DEFENDANTS' logos and advertising, by reliably serving DEFENDANTS' customers, by following DEFENDANTS' controlled delivery and pick-up routes, by using DEFENDANTS' dedicated web site to track packages, and in other material ways, PLAINTIFFS and other Drivers have rendered services to DEFENDANTS that are integral to the DEFENDANTS' freight transport system.

22.     Despite DEFENDANTS' pervasive control over all aspects of its freight transport operations, including the Drivers, DEFENDANTS have uniformly classified and treated the Drivers as "independent contractors."

23.     Although the nature of the work performed by PLAINTIFFS and similarly situated Drivers makes detailed control by management unnecessary, DEFENDANTS in fact retain the right to control and exercise extensive control over the work of the Drivers, as is necessary to fulfill DEFENDANTS' commitments to their customers.

24.     DEFENDANTS' right of control over PLAINTIFFS and similarly situated Drivers is retained and/or exercised by DEFENDANTS as demonstrated by EGL's written rules and policies and unwritten practices.

25.     DEFENDANTS' classification and treatment of PLAINTIFFS and similarly situated Drivers as "independent contractors" rather than as "employees" is and has been unlawful.

1    26.     As a result of DEFENDANTS misclassifying their Drivers as "independent

2    contractors," they have failed to indemnify the Drivers for employment-related expenses, including

3    the costs of providing the leased vehicles; all operation costs associated with the vehicle, including

4    fuel, maintenance, repair, cleaning, and licensing; a portion of the EGL decals and other identifying

5    marks adorning the leased vehicle; liability and other insurance covering work place injuries;

6    cellular telephone and DEFENDANTS' designated text messaging service; uniform laundry fees;

7    and miscellaneous tools, such as dollies and pallet jacks.  PLAINTIFFS are informed and believe

8    and on such information and belief allege that DEFENDANTS have also failed to indemnify the

9    Drivers for employment-related losses, such as cargo loss or damage, bodily and property damage

10   claims, uncollected or lost C.O.D. payments, and "service claims" granted to customers.

11   PLAINTIFFS are informed and on that basis allege that DEFENDANTS have taken deductions

12   from Drivers' compensation to cover for many of these employment-related expenses.  Under the

13   Driver Contract, DEFENDANTS reserved the right to and have taken deductions from the

14   compensation of PLAINTIFFS and similarly situated Drivers to cover for many of these

15   employment-related expenses.

16   27.     As a result of DEFENDANTS misclassifying their Drivers as "independent

17   contractors," DEFENDANTS have regularly failed to provide a 30 minute off-duty meal period to

18   PLAINTIFFS and similarly situated Drivers who worked more than five hours in a day.

19   28.     As a result of DEFENDANTS misclassifying their Drivers as "independent

20   contractors," DEFENDANTS have regularly failed to provide a second 30 minute meal period to

21   PLAINTIFFS and similarly situated Drivers who worked more than 10 hours in a day.

22   29.     Plaintiff Heath and other similarly situated Drivers operate vehicles with a gross

23   vehicle weight rating of less than 10,001 pounds, including but not limited to small step package

24   vans.  Persons who operate such vehicles are not subject to the maximum hours regulations

25   promulgated pursuant to the Federal Motor Carrier Safety Act and are therefore not exempt from

26   the overtime requirements established by the Cal. Labor Code and IWC wage order No. 9.

27   30.     DEFENDANTS required and/or knowingly permitted Plaintiff Heath and have

28   required and/or knowingly permitted similarly situated Van Drivers to work hours considerably in

1    excess of eight hours per day and/or 40 hours a week.  PLAINTIFFS are informed and believe and

2    on such information and belief allege that it has been DEFENDANTS' policy and practice to

3    require and/or knowingly permit their Van Drivers to work overtime hours without receiving

4    overtime compensation.

5         31.    As a result of DEFENDANTS misclassifying their Van Drivers as "independent

6    contractors," DEFENDANTS have willfully and knowingly failed to pay premium overtime

7    compensation to Plaintiff Heath and similarly situated Van Drivers for hours worked in excess of

8    eight hours per day and 40 hours in a week.

9         32.    As a result of DEFENDANTS' misclassifying their Van Drivers as "independent

10   contractors," DEFENDANTS have failed to record the actual hours worked by Plaintiff Heath and

11   similarly situated Van Drivers during the Class Period.

12        33.    As a result of DEFENDANTS' misclassifying their Van Drivers as "independent

13   contractors," DEFENDANTS have failed to itemize the total hours worked on wage statements

14   furnished to Plaintiff Heath and similarly situated Van Drivers.

15        34.    PLAINTIFFS are informed and on that basis allege that, as a result of

16   DEFENDANTS' misclassifying their Van Drivers as "independent contractors," DEFENDANTS

17   have not properly maintained payroll records showing the actual hours worked each day by

18   Drivers, including PLAINTIFFS.

19        35.    As a result of DEFENDANTS' misclassifying their Drivers as "independent

20   contractors," DEFENDANTS have willfully and knowingly failed to pay PLAINTIFFS, and

21   similarly situated Drivers, upon termination of employment all accrued compensation, including

22   for repayment of all unlawful deductions from wages, payment of missed meal period

23   compensation, and payment of overtime compensation to Van Drivers.

## IV.    CLASS ACTION ALLEGATIONS

25        36.    PLAINTIFFS bring this lawsuit as a class action pursuant to Cal. Code of Civil

26   Procedure § 382 on behalf of themselves and all similarly situated Drivers.  The class

27   PLAINTIFFS seek to represent is defined as:

28   ///

> All persons who are or have operated as pick-up and delivery drivers for DEFENDANTS in the State of California (referred to as "Drivers") during the period commencing four years from the filing of this action through the entry of final judgment in this action.  This class of Drivers includes a sub-class of those operating vehicles with a gross vehicle weight rating of less than 10,001 pounds, including but not limited to small step package vans (referred to as "Van Drivers").

The claims herein have been brought and may properly be maintained as a class action under Cal. Code of Civil Procedure § 382 because there is a well-defined community of interest among class members with respect to the claims asserted herein and the proposed class is easily ascertainable:

      a.    <u>Ascertainability and Numerosity</u>:  The potential members of the class as defined herein are so numerous that joinder would be impracticable.  PLAINTIFFS are informed and believe and on such information and belief allege that DEFENDANTS have employed over 300 Drivers in California during the Class Period.  The names and addresses of the Class Members are available from the DEFENDANTS.  Notice can be provided to the Class Members via first class mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

      b.    <u>Commonality</u>:  There are questions of law and fact common to PLAINTIFFS and the class that predominate over any questions affecting only individual members of the class.  These common questions of law and fact include, without limitation:

        i.    Whether the Drivers have served DEFENDANTS as employees rather than independent contractors under California law;

        ii.    Whether Drivers have necessarily incurred employment-related expenses and losses in carrying out their duties for DEFENDANTS;

        iii.    Whether DEFENDANTS have failed to indemnify Drivers for their necessarily incurred employment-related-expenses and losses, in violation of Cal. Labor Code § 2802;

        iv.    Whether DEFENDANTS have failed to provide Drivers with workers' compensation insurance, in violation of Cal. Labor Code § 3200, *et seq*;

///

1      v.    Whether DEFENDANTS' failure to provide workers' compensation

2             insurance constitutes an unlawful, unfair, and/or fraudulent business

3             practice, under Cal. Business & Professions Code §17200, *et seq*;

4      vi.   Whether DEFENDANTS' failure to indemnify Drivers for

5             necessarily incurred employment-related expenses and losses

6             constitutes an unlawful, unfair, and/or fraudulent business practice,

7             under Cal. Business & Professions Code § 17200 *et seq*;

8      vii.  Whether DEFENDANTS have made deductions from the

9             compensation paid to DRIVERS in violation of California law;

10    viii.  Whether DEFENDANTS' deductions from Drivers' compensation

11            constitute an unlawful, unfair, and/or fraudulent business practice,

12            under Cal. Business & Professions Code § 17200 *et seq*;

13    ix.   Whether DEFENDANTS have coerced or compelled Drivers to

14            patronize DEFENDANTS and/or other companies in the purchase or

15            lease of uniforms, uniform laundry service, communication

16            equipment, electronic message services, and other items in violation

17            of Cal. Labor Code § 450;

18    x.    Whether DEFENDANTS' coercion or compelling Drivers to

19            patronize DEFENDANTS and/or other companies constitutes an

20            unlawful, unfair, and/or fraudulent business practice, under Cal.

21            Business & Professions Code § 17200 *et seq*;

22    xi.   Whether DEFENDANTS have failed to provide adequate off-duty

23            meal periods and meal period compensation, in violation of Cal.

24            Labor Code §§ 226.7 and 512 and IWC wage order No. 9, § 11;

25    xii.  Whether DEFENDANTS' failure to provide adequate off-duty meal

26            periods and meal period compensation constitutes an unlawful,

27            unfair, and/or fraudulent business practice, under Cal. Business &

28            Professions Code § 17200 *et seq*;

FIRST AMENDED COMPLAINT—CLASS ACTION

1    xiii. Whether DEFENDANTS have required, encouraged, or permitted

2       Van Drivers to work in excess of 40 hours per week and/or eight

3       hours per day;

4    xiv. Whether DEFENDANTS knew or should have known that its Van

5       Drivers regularly worked over 40 hours per week and/or eight hours

6       per day;

7    xv. Whether DEFENDANTS have failed to pay its Van Drivers overtime

8       wages for time worked in excess of 40 hours per week and/or eight

9       hours per day;

10    xvi. Whether DEFENDANTS have employed Van Drivers in a position

11       subject to, and not exempt from, California's overtime pay and other

12       wage and hour requirements;

13    xvii. Whether DEFENDANTS have violated IWC wage order No. 9, § 3

14       and Cal. Labor Code §§ 510 and 1194 by their failure to pay Van

15       Drivers overtime compensation;

16    xviii. Whether DEFENDANTS' failure to pay overtime compensation to

17       Van Drivers constitutes an unlawful, unfair, and/or fraudulent

18       business practice, under Cal. Business & Professions Code § 17200

19       *et seq.*;

20    xix. Whether DEFENDANTS have knowingly and intentionally failed to

21       provide Van Drivers with an itemized statement showing total hours

22       worked with each payment of wages, as required by Cal. Labor Code

23       § 226 and IWC wage order No. 9, § 7;

24    xx. Whether DEFENDANTS' failure to provide an itemized statement

25       showing total hours worked with each payment of wages constitutes

26       an unlawful, unfair, and/or fraudulent business practice, under Cal.

27       Business & Professions Code § 17200 et seq.;

28 ///

FIRST AMENDED COMPLAINT—CLASS ACTION

1               xxi.    Whether DEFENDANTS have violated Cal. Labor Code § 1174 and

2                        IWC wage order No. 9, § 7 by failing to maintain documentation of

3                        the actual hours worked each day by Van Drivers;

4               xxii.    Whether DEFENDANTS' failure to maintain documentation of the

5                        actual hours worked each day by Van Drivers constitutes an

6                        unlawful, unfair, and/or fraudulent business practice, under Cal.

7                        Business & Professions Code § 17200 *et seq*;

8              xxiii.    Whether DEFENDANTS have violated Labor Code §§ 201-203, by

9                        failing, upon termination, to timely pay Drivers wages that were due

10                      for overtime, missed meal periods, and/or wrongful deductions from

11                      wage;

12              xxiv.    Whether DEFENDANTS' failure to pay all compensation owed at

13                      time of termination of employment constituted an unlawful, unfair,

14                      and/or fraudulent business practice, under Business & Professions

15                      Code § 17200 *et seq*; and

16             xxv.    The proper formula for calculating restitution, damages, and waiting

17                      time and other statutory penalties owed to PLAINTIFFS and the

18                      class alleged herein.

19        c.    <u>Typicality</u>:  PLAINTIFFS' claims are typical of the claims of the class.

20 DEFENDANTS' common course of unlawful conduct has caused PLAINTIFFS and similarly

21 situated Drivers to sustain the same or similar injuries and damages caused by the same practices of

22 DEFENDANTS.  PLAINTIFFS' claims are thereby representative of and co-extensive with the

23 claims of the class.

24        d.    <u>Adequacy of Representation</u>:  PLAINTIFFS are all members of the class,

25 PLAINTIFFS do not have any conflicts of interest with other class members and will prosecute the

26 case vigorously on behalf of the class.  PLAINTIFFS will fairly and adequately represent and

27 protect the interests of the class members.  The PLAINTIFFS' counsel are competent and

28 ///

1  experienced in litigating large employment class actions, including large wage and hour class

2  actions.

3      e.    <u>Superiority of Class Action</u>:  A class action is superior to other available

4  means for the fair and efficient adjudication of this controversy.  Individual joinder of all class

5  members is not practicable, and questions of law and fact common to the class predominate over

6  any questions affecting only individual members of the class.  Each class member has been

7  damaged and is entitled to recovery by reason of DEFENDANTS' unlawful policies and/or

8  practices described herein.  Because the damages suffered by individual Class Members may be

9  relatively small, albeit significant, the expense and burden of individual litigation make it

10  impractical for most Class Members individually to seek redress for the wrongful conduct alleged.

11  Class action treatment will allow those similarly situated persons to litigate their claims in the

12  manner that is most efficient and economical for the parties and the judicial system.

### V.    DAMAGES

14      37.    As a direct, foreseeable, and proximate result of DEFENDANTS' conduct,

15  PLAINTIFFS and similarly situated Drivers are owed un-reimbursed business expenses plus

16  interest, repayment of unlawfully deducted wages plus interest, meal period compensation plus

17  interest, waiting time penalties under Labor Code § 203, and other statutory penalties in an amount

18  that exceeds $25,000, the precise amount of which will be proven at trial.  Plaintiff Heath and

19  similarly situated Van Drivers are also owed overtime compensation plus interest.

### VI.    CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**REIMBURSEMENT OF BUSINESS EXPENSES**
**(CAL. LABOR CODE § 2802)**

23      38.    The allegations of Paragraphs 1 through 37 are realleged and incorporated herein by

24  reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the

25  above-described class of similarly situated Drivers employed by DEFENDANTS in California.

26      39.    While acting on the direct instruction of DEFENDANTS and discharging their

27  duties for them, PLAINTIFFS and similarly situated Drivers have incurred work-related expenses.

28  Such expenses include but are not limited to the purchase or lease of vehicles; fuel, maintenance,

-12-

1   and other vehicle operating costs; EGL vehicle decals and other markings; various forms of

2   insurance; communications equipment; electronic message service; cellular telephones; and

3   uniforms and laundry services.  DEFENDANTS have also reserved the right to hold drivers

4   accountable for losses such as cargo loss or damage, bodily and property damage claims,

5   uncollected or lost C.O.D. payments, and "service claims" granted to customers.  PLAINTIFFS

6   and class members necessarily incurred these substantial expenses and losses as a direct result of

7   performing their job duties for DEFENDANTS.

8          40.     DEFENDANTS have failed to indemnify or in any manner reimburse PLAINTIFFS

9   and similarly situated Drivers for these expenditures and losses.  By misclassifying its Drivers as

10  "independent contractors," and further by requiring those employees to pay expenses and cover

11  losses that they incurred in direct consequence of the discharge of their duties for DEFENDANTS

12  and/or in obedience to DEFENDANTS' direction, DEFENDANTS have violated and continue to

13  violate Cal. Labor Code § 2802.  The violation of Cal. Labor Code § 2802 also forms the basis for

14  a claim for penalties, attorneys' fees, and costs under Cal. Labor Code § 2699.

15         41.     As a direct and proximate result of DEFENDANTS' conduct, PLAINTIFFS and

16  similarly situated Drivers have suffered substantial losses according to proof, as well as pre-

17  judgment interest, costs, and attorney fees for the prosecution of this action.

18         42.     PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief

19  as described below.

20                          **SECOND CAUSE OF ACTION**
                    **UNLAWFUL DEDUCTIONS FROM WAGES**
21        **(CAL. LABOR CODE §§ 221, 223, 400-410, IWC. WAGE ORDER NO. 9)**

22         43.     The allegations of Paragraphs 1 through 42 are realleged and incorporated herein by

23  reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the

24  above-described class of similarly situated Drivers employed by DEFENDANTS in California.

25         44.     Labor Code § 221 provides:  "It shall be unlawful for any employer to collect or

26  receive from an employee any part of wages theretofore paid by said employer to said employee."

27  ///

28  ///

-13-

45.     Labor Code § 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

46.     Labor Code §§ 400-410 ("Employee Bond Law") provide the limited circumstances under which an employer can exact a cash bond from its employees. These provisions are designed to protect employees against the very real danger of an employer taking or misappropriating employee funds held by the employer in trust.

47.     IWC wage order No. 9, § 8 provides that the only circumstance under which an employer can make a deduction from an employee's wage due to cash shortage, breakage, or loss of equipment is if the employer can show that the shortage, breakage, or loss was the result of the employee's gross negligence or dishonest or willful act.

48.     These and related statutes, along with California's fundamental public policy protecting wages and wage scales, prohibit employers from subjecting employees to unanticipated or unpredicted reductions in their wages; making employees the insurers of their employer's business losses; otherwise passing the ordinary business losses of the employer onto the employee; taking deductions from wages for business losses unless the employer can establish that the loss was caused by a dishonest or willful act, or gross negligence of the employee; or taking other unpredictable deductions that may impose a special hardship on employees.

49.     DEFENDANTS have violated Cal. Labor Code §§ 221, 223, and 400-410, and IWC wage order No. 9, § 8 by unlawfully taking deductions from PLAINTIFFS' and Class Members' compensation to cover certain ordinary business expenses of DEFENDANTS, including but not limited to uniform laundry service, claims for loss or damaged cargo, property damage and bodily injury claims, uncollected or lost C.O.D. amounts, and "service claims" granted to customers.

50.     Because DEFENDANTS made unlawful deductions from Drivers' compensation, they are liable to PLAINTIFFS and Class Members for the compensation that should have been paid but for the unlawful deductions, pursuant to Cal. Labor Code §§ 221, 223, and 400-410, and IWC wage order No. 9, § 8.

///

51.      By unlawfully deducting wages and failing to pay PLAINTIFFS and other similarly situated Drivers, DEFENDANTS are also liable for penalties, reasonable attorneys' fees, and costs under Labor Code §§ 218.5 and 2699.

52.      PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief as described below.

### THIRD CAUSE OF ACTION
#### COERCED PURCHASES
#### (CAL. LABOR CODE § 450 ET SEQ.)

53.      The allegations of Paragraphs 1 through 52 are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above-described class of similarly situated Drivers employed by DEFENDANTS in California.

54.      DEFENDANTS have compelled and/or coerced PLAINTIFFS and Class Members to patronize DEFENDANTS by requiring PLAINTIFFS and Class Members to lease or purchase data communication equipment and services, uniforms, uniform cleaning services, and other items directly from DEFENDANTS and/or other companies in violation of Cal. Labor Code § 450.  The violation of Cal. Labor Code § 450 also provides the basis for a claim for penalties, attorneys' fees, and costs under Cal. Labor Code § 2699.

55.      PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief as described below.

### FOURTH CAUSE OF ACTION
#### FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS
#### (CAL. LABOR CODE §§ 226.7, 512, IWC WAGE ORDER NO. 9)

56.      The allegations of Paragraphs 1 through 55 are realleged and incorporated herein by reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and the above-described class of similarly situated Drivers employed by DEFENDANTS in California.

57.      PLAINTIFFS and similarly situated Drivers have regularly worked in excess of five (5) hours a day without being afforded at least a half-hour meal period in which they were relieved of all duties, as required by Cal. Labor Code §§ 226.7 and 512, and IWC wage order No. 9, § 11(A).

///

58.     Because DEFENDANTS failed to afford proper meal periods, they are liable to PLAINTIFFS and similarly situated Drivers for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Cal. Labor Code § 226.7(b) and IWC wage order No. 9, § 11(B).

59.     By violating Cal Labor Code §§ 226.7 and 512, and IWC wage order No. 9, § 11, DEFENDANTS are also liable for penalties, reasonable attorneys' fees, and costs under Cal. Labor Code §§ 218.5 and 2699.

60.     PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief as described below.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PAY OVERTIME COMPENSATION**
**(CAL. LABOR CODE §§ 510, 1194 ET SEQ., IWC WAGE ORDER NO. 9.)**

61.     The allegations of Paragraphs 1 through 60 are realleged and incorporated herein by reference, and Plaintiff Heath alleges as follows a cause of action on behalf of himself and the above-described sub-class of similarly situated Van Drivers employed by DEFENDANTS in California.

62.     By failing to pay overtime compensation to Plaintiff Heath and a sub-class of Van Drivers as alleged above, DEFENDANTS have violated and continue to violate Cal. Labor Code § 510 and IWC wage order No. 9, § 3, which require overtime compensation to non-exempt employees.

63.     By failing to maintain adequate time records as required by Cal. Labor Code § 1174(d) and IWC wage order No. 9, § 7(A), DEFENDANTS have made it difficult to calculate the overtime compensation due Plaintiff Heath and the similarly situated Van Drivers.

64.     As a result of DEFENDANTS' unlawful acts, Plaintiff Heath and a sub-class of Van Drivers have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, under Cal. Labor Code § 1194.

65.     By violating Cal. Labor Code § 510, DEFENDANTS are liable for civil penalties and attorneys' fees and costs under Cal. Labor Code §§ 558, 1194, 1197.1 and 2699.

66.     Plaintiff Heath, on behalf of himself and similarly situated Van Drivers, request relief as described below.

### SIXTH CAUSE OF ACTION
### FAILURE TO FURNISH ACCURATE WAGE STATEMENTS
### (CAL. LABOR CODE §§ 226 & 226.3; IWC WAGE ORDER NO. 9)

67.     The allegations of Paragraphs 1 through 66 are realleged and incorporated herein by reference, and Plaintiff Heath alleges as follows a cause of action on behalf of himself and the above-described sub-class of similarly situated Van Drivers employed by DEFENDANTS in California.

68.     Cal. Labor Code § 226(a) and IWC wage order No. 9, § 7(B) require employers semi-monthly or at the time of each payment of wages to furnish each employee with a statement itemizing, among other things, the total hours worked by the employee.  Cal. Labor Code § 226(b) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

69.     DEFENDANTS knowingly and intentionally failed to furnish Plaintiff Heath and similarly situated Van Drivers with timely, itemized statements showing the total hours worked, as required by Cal. Labor Code § 226(a) and IWC wage order No 9, § 7(B).  As a result, DEFENDANTS are liable to Plaintiff Heath and similarly situated Van Drivers for the amounts provided by Cal. Labor Code § 226(b) and for penalties, attorneys' fees, and costs under Cal. Labor Code § 2699.

70.     Plaintiff Heath, on behalf of himself and similarly situated Van Drivers, requests relief as described below.

### SEVENTH CAUSE OF ACTION
### FAILURE TO KEEP ACCURATE PAYROLL RECORDS
### (CAL. LABOR CODE §§ 1174 & 1174.5; IWC WAGE ORDER NO. 10)

71.     The allegations of Paragraphs 1 through 70 are realleged and incorporated herein by reference, and PLAINTIFF HEATH allege as follows a cause of action on behalf of himself and

///

-17-

1  the above-described sub-class of similarly situated Van Drivers employed by DEFENDANTS in

2  California.

3          72.      DEFENDANTS have violated Cal. Labor Code § 1174 and IWC wage order No. 9,

4  § 7(A) by willfully failing to keep required payroll records showing the actual hours worked each

5  day by PLAINTIFF HEATH and similarly situated Van Drivers. As a direct and proximate result

6  of DEFENDANTS' failure to maintain payroll records, PLAINTIFF HEATH and similarly situated

7  Van Drivers have suffered actual economic harm as they have been precluded from accurately

8  monitoring the number of hours worked and thus seeking all accrued overtime pay.  The violation

9  of Cal. Labor Code § 1174 also forms the basis for a claim for penalties, attorneys' fees, and costs

10  under Cal. Labor Code § 2699.

11          73.      PLAINTIFFS, on behalf of himself and similarly situated Van Drivers, request

12  relief as described below.

### EIGHTH CAUSE OF ACTION
### WAITING TIME PENALTIES
### (CAL. LABOR CODE §§ 201, 202 & 203)

15          74.      The allegations of Paragraphs 1 through 73 are realleged and incorporated herein by

16  this reference, and Plaintiff Heath alleges as follows a cause of action on behalf of himself and the

17  above-described class of similarly situated Drivers.

18          75.      Cal. Labor Code § 201 requires an employer who discharges an employee to pay all

19  compensation due and owing to that employee immediately upon discharge.

20          76.      Cal. Labor Code § 202 requires an employer to pay all compensation due and owing

21  to an employee who quits within 72 hours of that employee quitting, unless the employee provides

22  at least 72 hours notice of quitting, in which case all compensation is due at the end of the

23  employee's final day of work.

24          77.      Cal. Labor Code § 203 provides that if an employer willfully fails to pay

25  compensation promptly upon discharge, as required by § 201 or § 202, then the employer is liable

26  for waiting time penalties in the form of continued compensation of up to 30 work days.

27          78.      DEFENDANTS willfully failed and refused to timely pay compensation and wages,

28  including unpaid meal period compensation and sums wrongfully deducted from compensation, to

1   Plaintiff Heath and similarly situated Drivers whose employment terminated. DEFENDANTS

2   further willfully failed and refused to pay unpaid overtime pay to Plaintiff Heath and the above-

3   described sub-class of similarly situated Van Drivers. As a result, DEFENDANTS are liable to

4   Plaintiff Heath and similarly situated Drivers for waiting time penalties, together with interest

5   thereon and reasonable attorneys' fees and costs, under Cal. Labor Code §§ 203, 256, and 2699.

6          79.     Plaintiff Heath, on behalf of himself and similarly situated Drivers, requests relief as

7   described below.

8                              **NINTH CAUSE OF ACTION**
                    **VIOLATIONS OF THE UNFAIR COMPETITION LAW (UCL)**
9                     **(CAL. BUSINESS & PROFESSIONS CODE §§ 17200-09)**

10         80.     The allegations of Paragraphs 1 through 79 are realleged and incorporated herein by

11  this reference, and PLAINTIFFS allege as follows a cause of action on behalf of themselves and

12  the above-described class of similarly situated Drivers and in a representative capacity under Cal.

13  Business and Professions Code § 17204.

14         81.     Cal. Business & Professions Code § 17200 prohibits unfair competition in the form

15  of any unlawful, unfair, or fraudulent business act or practice.

16         82.     Cal. Business & Professions Code § 17204 allows "any person acting for the

17  interests of itself, its members or the general public" to prosecute a civil action for violation of the

18  UCL.

19         83.     Beginning at an exact date unknown to PLAINTIFFS, but at least four years prior to

20  the filing of this action, DEFENDANTS have improperly, fraudulently, and unlawfully classified

21  its Drivers as "independent contractors" and have thereby committed unlawful, unfair, and/or

22  fraudulent business acts and practices as defined by Cal. Business & Professions Code § 17200, by

23  engaging in the following:

24              a.      failing to indemnify PLAINTIFFS and similarly situated Drivers for

25  employment-related business expenses and losses;

26              b.      failing and refusing to provide PLAINTIFFS and similarly situated Drivers

27  with workers' compensation insurance;

28  ///

1           c.      improperly and unlawfully making deductions from Drivers' compensation

2 because of cash shortages, breakage, equipment loss, and other work-related expenses and losses

3 not attributable to the Drivers' dishonest or willful act, or to the gross negligence of the Drivers, as

4 described above;

5           d.      failing and refusing to provide meal periods to PLAINTIFFS and similarly

6 situated Drivers;

7           e.      unlawfully deducting money from wages owed to PLAINTIFFS and

8 similarly situated Drivers;

9           f.      coercing or compelling PLAINTIFFS and similarly situated Drivers to

10 patronize DEFENDANTS and allied companies;

11           g.      failing to pay overtime compensation to Plaintiff Heath and similarly

12 situated Van Drivers;

13           h.      failing to provide accurate itemized wage statements to Plaintiff Heath and

14 similarly situated Van Drivers;

15           i.      failing to maintain payroll records showing the actual hours worked each

16 day by Plaintiff Heath and similarly situated Van Drivers;

17           j.      failing to pay all accrued overtime and meal period compensation and failing

18 to repay unlawfully deducted commissions to Drivers upon termination of their employment; and

19           k.      by intentionally, recklessly and/or negligently misrepresenting to

20 PLAINTIFFS and similarly situated Drivers the true nature of their employment status.

21 The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and

22 practices for purposes of Cal. Business and Professions Code § 17200.

23      84.     As a direct and proximate result of DEFENDANTS' unlawful, unfair, and/or

24 fraudulent acts and practices described herein, DEFENDANTS have received and continue to hold

25 ill-gotten gains belonging to PLAINTIFFS and class members.  As a direct and proximate result of

26 DEFENDANTS' unlawful business practices, PLAINTIFFS and class members have suffered

27 economic injuries including, but not limited to out-of-pocket business expenses, unlawful

28 deductions from compensation, loss of overtime wages (for Van Drivers), compensation for missed

1   meal periods, and waiting time penalties.  DEFENDANTS have profited from its unlawful, unfair,

2   and/or fraudulent acts and practices in the amount of those business expenses, improper deductions

3   from compensation, unpaid overtime, meal period compensation, and interest accrued by

4   PLAINTIFFS and similarly situated Drivers.

5        85.   Plaintiff and similarly situated Drivers are entitled to restitution pursuant to Cal.

6   Business & Professions Code §§ 17203 and 17208 for all unpaid business expenses, unlawful

7   deductions from compensation, overtime (for Van Drivers), meal period compensation, and interest

8   since four years prior to the filing of this action.

9        86.   PLAINTIFFS and similarly situated Drivers are entitled to enforce all applicable

10   penalty provisions of the Cal. Labor Code pursuant to Cal. Business & Professions Code § 17202.

11        87.   PLAINTIFFS' success in this action will enforce important rights affecting the

12   public interest.  In this regard, PLAINTIFFS sue on behalf of the public as well as on behalf of

13   themselves and others similarly situated.  PLAINTIFFS seek and are entitled to reimbursement of

14   business expenses, the unpaid compensation, declaratory and injunctive relief, civil penalties, and

15   any other appropriate remedy.

16        88.   Injunctive relief is necessary and appropriate to prevent DEFENDANTS from

17   continuing and repeating its unlawful, unfair and fraudulent business acts and practices alleged

18   above.

19        89.   In order to prevent DEFENDANTS from profiting and benefiting from their

20   wrongful and illegal acts and continuing those acts, an order requiring DEFENDANTS to disgorge

21   all the profits and gains they have reaped and restore such profits and gains to Drivers, from whom

22   they were unlawfully taken.

23        90.   PLAINTIFFS have assumed the responsibility of enforcement of the laws and

24   lawful claims specified herein.  There is a financial burden incurred in pursuing this action which is

25   in the public interest.  Therefore, reasonable attorneys' fees are appropriate pursuant to Cal. Code

26   of Civil Procedure § 1021.5.

27   ///

28   ///

91.     By all of the foregoing alleged conduct, DEFENDANTS have committed, and are continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Cal. Business & Professions Code §17200 et seq.

92.     As a direct and proximate result of the unfair business practices described above, PLAINTIFFS, other Drivers, and members of the general public have all suffered significant losses and Defendants have been unjustly enriched.

93.     Pursuant to Cal. Business & Prof. Code §17203, PLAINTIFFS, other Drivers, and member of the general public are entitled to: (a) restitution of money acquired by DEFENDANTS by means of their unfair business practices, in amounts not yet ascertained but to be ascertained at trial; (b) injunctive relief against DEFENDANTS' continuation of their unfair business practices; and (c) a declaration that DEFENDANTS' business practices are unfair within the meaning of the statute.

94.     PLAINTIFFS, on behalf of themselves and similarly situated Drivers, request relief as described below.

## VII.   REQUEST FOR JURY TRIAL

95.     PLAINTIFFS request a trial by jury on behalf of themselves and the above described class of similarly situated Drivers.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS Narayan, Rahawi, and Heath, on behalf of themselves and the above-described class of similarly situated Drivers, request relief as follows:

A.      Certification of the above-described class as a class action, pursuant to Code of Civil Procedure 382;

B.      Certification of the above-described class as a representative class under Business and Professions Code § 17200 and *Corbett v. Superior Court*, 101 Cal.App.4th 649 (2002);

C.      Class notice be provided to all Drivers who worked for DEFENDANTS in California during the Class Period described above;

D.      A declaratory judgment that DEFENDANTS have knowingly and intentionally violated the following provisions of law:

FIRST AMENDED COMPLAINT—CLASS ACTION

1.     Cal. Labor Code § 2802 by failing to indemnify PLAINTIFFS and the class for all necessarily incurred business expenses and losses;

2.     Cal. Labor Code §§ 221 and 400-410 and IWC wage order No. 9, by making unlawful deductions from the compensation paid to PLAINTIFFS and the class for ordinary business expenses and losses without a showing that the expenses and/or losses were due to the Drivers' dishonest or willful act, or to the gross negligence of the Drivers;

3.     Cal. Labor Code § 450 by coercing or compelling PLAINTIFFS and the class to purchase or lease certain items and services;

4.     Cal. Labor Code §§ 226.7 and 512, and IWC wage order No. 9 by failure to provide off-duty meal periods to PLAINTIFFS and the class;

5.     Cal. Labor Code §§ 510, 1194 et seq. and IWC wage order No. 9 by failure to pay overtime compensation to Plaintiff Heath and the sub-class of Van Drivers;

6.     Cal. Labor Code § 226 and IWC wage order No. 9, § 7(B), by failing to provide Plaintiff Heath and the sub-class of Van Drivers with itemized statements of total hours worked with each payment of wages;

7.     Cal. Labor Code § 1174 and IWC wage order No. 9, § 7(A), by failing to maintain payroll records of the actual hours worked each day by Plaintiff Heath and the sub-class of Van Drivers;

8.     Cal. Labor Code §§ 201-203, for willful failure to pay overtime and meal period compensation and failure to repay unlawfully deducted wages at the time of termination of employment, resulting in unpaid waiting time penalties; and

9.     Cal. Business and Professions Code §§ 17200-17208, by failing to reimburse Drivers for necessarily incurred business expenses, by requiring Drivers to indemnify DEFENDANTS for ordinary business losses, by coercing or compelling Drivers to purchase or lease certain items and services from DEFENDANTS or affiliated companies, by failing to provide off-duty meal periods and/or pay meal period compensation to Drivers, by failing to pay its Van Drivers overtime compensation, by failing to provide Van Drivers with itemized wage statements showing all hours worked, by failing to maintain payroll records that document all hours worked

-23-

1  by Van Drivers, and by willfully failing to pay all compensation owed to Drivers upon termination

2  of employment;

3      E.     A declaratory judgment that DEFENDANTS' violations as described above were

4  willful;

5      F.     An equitable accounting to identify, locate, and restore to all current and former

6  Drivers the wages that are due;

7      G.     An award to PLAINTIFFS and the Class Members of damages in the amount of

8  necessarily incurred business expenses, unpaid overtime, meal period compensation and amounts

9  unlawfully deducted from wages, including interest thereon, subject to proof at trial;

10     H.     An award to PLAINTIFFS and the Class Members of statutory penalties because of

11  DEFENDANTS' failure to provide PLAINTIFFS and the Class Members with itemized wage

12  statements that comply with the requirements of Cal. Labor Code § 226, subject to proof at trial;

13     I.     An award of payments due to them as waiting time penalties as to those Class

14  Members who have left DEFENDANTS' employ, pursuant to Labor Code § 203;

15     J.     An award of penalties under Cal. Labor Code § 2699 for the violations of the Cal.

16  Labor Code provisions averred above;

17     K.     An order requiring DEFENDANTS to pay restitution of all amounts owed to

18  PLAINTIFFS and similarly situated Drivers for DEFENDANTS' failure to pay legally required

19  overtime and meal period pay, and interest thereon and DEFENDANTS' failure to repay amounts

20  unlawfully deducted, and interest thereon, in an amount according to proof, pursuant to Business &

21  Professions Code § 17203;

22     L.     An award to PLAINTIFFS and the Class Members of reasonable attorneys' fees and

23  costs, pursuant to Cal. Code of Civil Procedure § 1021.5 and Cal. Labor Code §§ 218.5, 226, 1194,

24  2699, and 2802 and/or other applicable law; and

25  ///

26  ///

27  ///

28  ///

FIRST AMENDED COMPLAINT—CLASS ACTION

1        M.     An award to PLAINTIFFS and the Class Members of such other and further relief

2    as this Court deems just and proper.

3    DATED:  February 28, 2006.

4                               HINTON, ALFERT & SUMNER

5

6                   By: _____

7                       AARON KAUFMANN
                   Attorneys for PLAINTIFFS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT—CLASS ACTION