*E-filed 10/24/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MOHIT NARAYAN, et al.,

        Plaintiffs,

  v.

EGL, INC., et al.,

        Defendants.

Case No. C05-04181 RMW (HRL)

**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL**

In this class action plaintiffs allege various statutory violations stemming from defendant's alleged misclassification of its California pick-up and delivery drivers as "independent contractors" rather than "employees." Plaintiffs are drivers; defendant ("EGL") is in the freight transport business. The suit has been divided into three phases. It is now in Phase One, which focuses on the claims of the three individual plaintiffs. The discovery cut-off for Phase One is November 10, 2006. Plaintiffs move to compel EGL (1) to produce documents; (2) to amend its responses to plaintiffs' first set of requests for production in order to provide unambiguous and full responses; and (3) to provide an adequate privilege log. The motion is GRANTED, to the extent that plaintiffs' requests have not been withdrawn.

///

///

///

**1. Production of Documents**

Plaintiffs assert that EGL has promised on multiple occasions to produce documents responsive to plaintiffs' first set of requests for production, which was served in February. EGL states that it is working diligently to complete its production, and therefore contends that this part of the motion is moot. Plaintiffs are not satisfied and seek an order that EGL must conclude its document production by October 31, 2006. The court ORDERS EGL to complete production of the documents it has promised to produce, by October 31, 2006.

**2. Responses to Requests for Production**

Only one response remains in dispute.[1] The parties dispute plaintiffs' right to production of documents responsive to request number 29:

> All documents relied upon, referred to, and/or reviewed by EGL in preparation of making the representation at approximately page 10 of its 2004 10-K filing with the United States Securities and Exchange Commission that "[t]he Internal Revenue Service, state authorities and other third parties have at times successfully asserted that independent owners/operators in the transportation industry, including those of the type we use in connection with your local pick up and delivery operations, are 'employees' rather than 'independent contractors.'"

Plaintiffs argue that the documents are relevant because they relate to the primary affirmative defense asserted by EGL, that plaintiffs are independent contractors as a matter of law. (Plaintiffs offer to accept, for now, documents that are redacted for the protection of third-party privacy interests.) EGL contends that the documents it "relied on, referred to, and/or reviewed... in preparation" for including this one sentence in an SEC filing are not relevant to this litigation, or at best they are only minimally relevant. EGL argues that its decision to state in its SEC filing the simple fact that EGL is aware that owner-operators have been found to be employees and not independent contractors in other proceedings involving other parties and other fact patterns has no relevance to the issue of whether the three named plaintiffs in this case have been properly classified as independent contractors. Essentially, EGL contends that this phase of the litigation turns on the facts pertaining to the jobs performed by the three named

---

[1] In their Reply, plaintiffs withdrew their requests for an order requiring further responses to requests 49, 50, 61, 64, 65, 72 and 73.

2

1  plaintiffs, and that other similar situations can have no relevance to these facts.  Plaintiffs
2  respond that the quoted sentence, and the immediate context of the sentence in the SEC filing,
3  show that there is a clear connection between EGL's research of other companies and the status
4  of EGL's own drivers.  Particularly relevant would be any comparative analysis by EGL of
5  various company policies.

6  The court agrees with plaintiffs that documents responsive to request 29 are
7  discoverable.  EGL's analysis of the employee versus independent contractor issue might have
8  affected EGL's policies towards the named plaintiffs, and therefore discovery of the research
9  made in preparation of this SEC filing is at least reasonably calculated to lead to the discovery
10 of evidence relevant to this phase of the litigation.  The court ORDERS EGL to produce all
11 responsive documents by October 31, 2006.  Documents may be redacted to protect legitimate
12 third-party privacy interests.

### 3. Privilege Log

14 Plaintiffs request an order compelling an amended privilege log.  EGL's privilege log
15 contains only two entries, with the second entry described generally as "in-house counsel's
16 working file."  EGL states that it is working diligently to provide plaintiffs with an amended
17 privilege log, and therefore contends that this part of the motion is moot.  Plaintiffs are not
18 satisfied and seek an order to compel.

19 "[B]oilerplate objections or blanket refusals inserted into a response to a Rule 34 request
20 for production of documents are insufficient to assert a privilege."  *Burlington Northern &*
21 *Santa Fe Railway Co. v. U.S. District Court for the District of Montana*, 408 F.3d 1142, 1148
22 (9th Cir. 2005).  Fed. R. Civ. P. 26(b)(5) requires a party to claim a privilege expressly and
23 describe the nature of the documents not produced in a manner that will enable other parties to
24 assess the applicability of the privilege or protection, without revealing information itself
25 privileged or protected.  There apparently was some discussion between the parties about a
26 compromise involving a categorical privilege log, rather than a document-by-document listing.
27 Although categorical descriptions of privileged documents may be appropriate in situations
28 where the volume of privileged documents is demonstrably large, here EGL has made no effort

3

to describe the volume of documents in the "in-house counsel's working file," nor has it given the court a picture of the categorical scheme that might be employed.  Nor has EGL sought a protective order from the court allowing a nontraditional privilege log.  Therefore, the court ORDERS that a privilege log must be produced by October 31, 2006 that lists, for each document withheld on grounds of privilege or work-product protection: (1) the general nature of the document; (2) the identity and position of the author(s); (3) the date it was written; (4) the identity and position of all addressees and recipients; (5) the document's present location; and (6) the privilege claimed.  Attachments should be listed separately from the documents to which they are attached.

**IT IS SO ORDERED.**

Dated:  10/24/06                                                  /s/  Howard R. Lloyd
                                                                              HOWARD R. LLOYD
                                                                              UNITED STATES MAGISTRATE JUDGE

4

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

Heather Burror hburror@akingump.com, dpaytonmoore@akingump.com

Lorraine Grindstaff lgrindstaff@pfslaw.com

Aaron D. Kaufmann kaufmann@hinton-law.com, schmitz@hinton-law.com; nevrela@hinton-law.com

Karen J. Kubin kkubin@akingump.com, dpaytonmoore@akingump.com

David Philip Pogrel pogrel@hinton-law.com

Jules Sandford jsandford@pfslaw.com

* Counsel are responsible for providing copies of this order to co-counsel.

Dated:  10/24/06

                                    /s/  JMM
                                Chambers of Magistrate Judge Lloyd