*E-filed 12/5/06*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MOHIT NARAYAN, et al.,

        Plaintiffs,

  v.

EGL, INC., et al.,

        Defendants.

Case No. C05-04181 RMW (HRL)

**ORDER GRANTING MOTIONS TO COMPEL**

In this putative class action plaintiffs allege various statutory violations stemming from defendant's alleged misclassification of its California pick-up and delivery drivers as "independent contractors" rather than "employees." Plaintiffs are drivers; defendant ("EGL") is in the freight transport business. The litigation has been divided into three phases. The current phase, Phase One, focuses on the claims of the named plaintiffs. Plaintiffs move to compel (1) production of documents and further responses to plaintiffs' second set of requests for production, and (2) further responses to plaintiff Mohit Narayan's first set of interrogatories.

**LEGAL STANDARD**

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the identity and location of persons having knowledge of any discoverable matter. FED. R. CIV. P. 26(b)(1). In civil actions, with respect to an element of a claim or defense as to which state law supplies the rule of decision, privilege shall

1  be determined in accordance with state law.  FED. R. EVID. 501.

## DISCUSSION

### I.   Motion to Compel Production of Documents

Most of plaintiffs' original motion has been mooted by recent agreements between the parties.[1]  Remaining is plaintiffs' interest in compelling production of documents responsive to request numbers 90 and 91 of their second set of requests for production of documents.  They also seek an amended response verifying that all such documents have been produced.  Request number 90 asks for "[a]ll documents that reference any decision or opinion by any governmental agency related to whether or not any EGL owner-operator driver is an employee or not."  Request number 91 asks for "[a]ll documents that were submitted by EGL to any governmental agency that address whether or not any EGL owner-operator driver is an EGL employee or not."

EGL represented at the hearing that it had produced all responsive documents after conducting a reasonably diligent search, including documents in the possession of former counsel.  The court ORDERS that EGL submit a supplemental response verifying that all responsive documents in its possession, custody, and control have been produced.  The supplemental response should describe the nature of EGL's search of for documents in the possession of former counsel.  This supplemental response shall be served no later than **December 12, 2006**.

### II.   Motion to Compel Responses to Interrogatories

Named plaintiff Mohit Narayan moves to compel EGL to further respond to Interrogatory Nos. 5-11 from his first set of interrogatories.  These pertain to the names and contact information for putative class members and EGL employees.  At the hearing the parties stated they had come to agreement on Interrogatories 6-11 and that part of the motion is moot.  The interrogatory still in dispute, number 5, states: "Identify all individuals, by providing the full name and last known address and telephone number, who performed pick-up and delivery

---

[1] No longer at issue are requests 106-132 and 139.  The moving papers also sought to compel EGL to produce a privilege log, but plaintiffs appear to have dropped this request after further meet and confer efforts.

2

1 services for EGL in California under an Agreement for Leased Equipment and Independent
2 Contractor Services or similar agreement during the period September 2001 to the present."

3 EGL refuses to amend its response to Interrogatory No. 5 to provide names, telephone
4 numbers, and addresses for the putative class members (drivers who performed pick-up and
5 delivery services). It objects that this information is not relevant to the first phase of the
6 litigation, and that disclosure should be denied because of the privacy rights of the drivers.

7 As for the relevance/prematurity objection, it is unfounded. Information regarding class
8 members is relevant to the first phase of the litigation as defined by Judge Whyte's March 16
9 case management order, where he allowed discovery concerning the identity of class members
10 to occur during Phase One.[2]

11 Analysis of the privacy objection is more complicated. The parties agree that Federal
12 Rule of Evidence 501, which governs what matters are privileged in federal court, directs this
13 court to look to state law in analyzing questions of privilege in diversity cases, such as this one.
14 California's privacy privilege is embodied in article 1, section 1 of the state Constitution, where
15 "privacy" is described as an inalienable right. CAL. CONST., art. I, § 1.

16 This court must balance the privacy right at issue against the goals of civil discovery.
17 See, e.g., Harris v. Superior Court, 3 Cal.App.4th 661, 664 (Cal. Ct. App. 1992) ("one's
18 constitutional right of privacy is not absolute and, upon a showing of some compelling public
19 interest, the right of privacy must give way"); Valley Bank v. Superior Court, 15 Cal.3d 652,
20 657 (1975) (courts are to engage in a "careful balancing of the right of civil litigants to discover
21 relevant facts, on the one hand," and privacy rights, on the other).

22 EGL has not persuaded the court that there is a very compelling privacy interest at stake
23 here. The requested name and contact information does not pertain to sexual, health, or
24 financial matters, areas generally considered to be private or confidential. Ragge v.

---

[2] Judge Whyte issued a case management order on March 16, 2006, declaring that the first phase of this litigation shall be limited to the claims of the three individual plaintiffs, and that "the one exception to this limitation is that plaintiffs may propound discovery to obtain identifying information on putative class members and former management and dispatch personnel, subject to defendant's objections."

3

1 MCA/Universal Studios, 165 F.R.D. 601, 604 (C.D. Cal. 1995) (discussing California
2 constitutional right to privacy). There is no apparent danger that freedom of speech or freedom
3 of association will be impacted. The identities of the drivers are certainly not private, as EGL
4 requires its drivers to wear uniforms displaying their affiliation with EGL.

5 The court recognizes that home addresses and telephone numbers deserve some
6 protection from public disclosure. "The strength of an individual's interest in keeping personal
7 information private depends in large part on the consequences of disclosure. Courts look to
8 'human experience' to determine the likely effect of disclosure of the information at issue."
9 Planned Parenthood Golden Gate v. Superior Court, 83 Cal.App.4th 347, 360 (Cal. Ct. App.
10 2000). In Planned Parenthood, the court was concerned that anti-abortion activists would use
11 names and contact information to harass or even harm abortion clinic volunteers. "Human
12 experience" tells this court that few negative consequences are likely to result from disclosure
13 to plaintiffs of the names and contact information for EGL's drivers.

14 The other component of the balancing test is the public interest in discovery. One
15 compelling public interest, "evidenced by California's broad discovery statutes, is 'the
16 historically important state interest of facilitating the ascertainment of truth in connection with
17 legal proceedings.'" Moskowitz v. Superior Court, 137 Cal.App.3d 313, 316 (Cal. Ct. App.
18 1982), quoting Britt v. Superior Court, 20 Cal.3d 844, 857 (1978). Another compelling state
19 interest served by this discovery is the potential vindication of workers' rights protected by the
20 California Labor Code. The court finds that these state interests outweigh the privacy rights of
21 EGL's drivers to their contact information.

22 The court also considers whether there is any alternative, less intrusive means of
23 accessing the information, and -- finally -- ensures that its order is narrowly tailored. "Even
24 where the balance, because of a 'compelling state purpose,' weighs in favor or disclosure of
25 private information, the scope of such disclosure will be narrowly circumscribed; such an
26 invasion of the right of privacy 'must be drawn with narrow specificity.'" Board of Trustees v.
27 Superior Court, 119 Cal.App.3d 516, 526 (Cal. Ct. App. 1981), citing Britt, supra, 20 Cal.3d at
28 856. There is no acceptable alternative way for plaintiffs to acquire the information sought by

4

the interrogatory. Furthermore, the parties entered into a stipulated protective order in this case on February 10, 2006. Pursuant to that protective order, personal information can be marked confidential to ensure that it is not broadcast to the world. If for some reason the contact information must be filed with the court, personal information shall be redacted from the public file. The court instructs the parties that the information contained in EGL's response to Interrogatory No. 5 should only be used for purposes of this litigation.

The court ORDERS that EGL shall supplement its interrogatory responses by disclosing the names and last known telephone numbers and addresses of individuals who performed pick-up and delivery services for EGL in California under an Agreement for Leased Equipment and Independent Contractor Services or similar agreement during the period between September 2001 and the present. This supplementation shall occur no later than **December 12, 2006**.

**IT IS SO ORDERED.**

Dated: 12/5/06          /s/ Howard R. Lloyd
                        HOWARD R. LLOYD
                        UNITED STATES MAGISTRATE JUDGE

5

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

Heather Burror hburror@akingump.com, dpaytonmoore@akingump.com

Lorraine Grindstaff lgrindstaff@pfslaw.com

Aaron D. Kaufmann kaufmann@hinton-law.com, schmitz@hinton-law.com; nevrela@hinton-law.com

Karen J. Kubin kkubin@akingump.com, dpaytonmoore@akingump.com

David Philip Pogrel pogrel@hinton-law.com

Jules Sandford jsandford@pfslaw.com

\* Counsel are responsible for providing copies of this order to co-counsel.

Dated:  12/5/06

                                                    /s/  JMM
                                      Chambers of Magistrate Judge Lloyd