AARON KAUFMANN, SBN 148580
DAVID POGREL, SBN 203787
**LEONARD CARDER, LLP**
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174
akaufmann@leonardcarder.com
dpogrel@leonardcarder.com

MICHAEL RUBIN, SBN 80618
JAMES M. FINBERG, SBN 114850
EVE CERVANTEZ, SBN 164709
MATTHEW J. MURRAY, SBN 271461
**ALTSHULER BERZON LLP**
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
mrubin@altshulerberzon.com
jfinberg@altshulerberzon.com
ecervantez@altshulerberzon.com
mmurray@altshulerberzon.com

Attorneys for PLAINTIFFS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHIT NARAYAN, HANNA RAHAWI, THOMAS HEATH and UGO IHEONU, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EGL, INC., a Texas Corporation; CEVA Freight, LLC, a Delaware Corporation, and DOES 2-10, inclusive,<br><br>Defendants. | **CLASS ACTION**<br><br>No. C05-04181 RMW<br><br>**STIPULATION AND ORDER RE LIMITED STAY OF ORDER DENYING CLASS CERTIFICATION TO TOLL STATUTE OF LIMITATIONS** |

WHEREAS, Plaintiffs initially filed this case on September 12, 2005 as a class action.

WHEREAS, Plaintiffs filed a motion for class certification on September 26, 2011 in which they sought to represent the following class:

> All persons who are or have operated as pick-up and delivery drivers for defendants EGL, Inc. and/or CEVA Freight, LLC in the State of California under an "independent contractor services" contract or similar written contract (referred to as "Drivers") during the period from September 12, 2001 through October 16, 2011.

WHEREAS, the Court heard the class certification motion on March 30, 2012 and took the matter under submission.

WHEREAS the Court issued its Order Denying Motion for Class Certification on September 7, 2012 ("Order Denying Class Certification") on the grounds that "plaintiffs have failed to show predominance under Rule 23(b)(3)." Dkt. No. 228, 5:20-22.

WHEREAS Plaintiffs filed a Petition for Permission to Appeal from the Order Denying Class Certification pursuant to Federal Rule of Civil Procedure Rule 23(f) ("Rule 23(f)Petition") with the Ninth Circuit on September 21, 2012. See Dkt. No. 230.

WHEREAS putative class members in this matter may need to intervene or file their own actions in order to toll the statute of limitations on the claims that had been averred on their behalf in this action.

WHEREAS, while the Rule 23 Petition is pending in this matter, the parties wish to avoid the burdens associated with individual putative class members pursuing intervention and commencement of new actions and to avoid burdening this Court and other courts with such litigation.

The parties HEREBY STIPULATE AND REQUEST that the Order Denying Class Certification be stayed *nunc pro tunc* to September 7, 2012, only insofar as that order may affect the running of the statute of limitations on the putative class members' individual claims that mirror the class claims averred in the Second Amended Complaint, Dkt. No. 149, and that such

- 1 -
STIPULATION AND ORDER RE LIMITED STAY OF ORDER DENYING CLASS
CERTIFICATION TO TOLL STATUTE OF LIMITATIONS

stay extend until, but no longer than, the date on which the Ninth Circuit Court of Appeals issues its ruling on the Rule 23(f) petition in this matter.

DATED: September 26, 2012.          LEONARD CARDER, LLP


                                    By  /s/ Aaron Kaufmann
                                        AARON KAUFMANN
                                        Attorneys for Plaintiffs


DATED: September 26, 2012.          HUNTON & WILLIAMS


                                    By  /s/ Fraser McAlpine
                                        FRASER A. McALPINE
                                        Attorneys for Defendants

PURSUANT TO STIPULATION, IT IS HEREBY ORDERED that this Court's Order Denying Class Certification is stayed *nunc pro tunc* to September 7, 2012, only insofar as that order may affect the running of the statute of limitations on the putative class members' individual claims that mirror the class claims averred in the Second Amended Complaint, Dkt. No. 149. Such stay shall extend until the date on which the Ninth Circuit Court of Appeals issues its ruling on the Rule 23(f) petition in this matter.

DATED: _____, 2012.

                                    By  /s/ Ronald M. Whyte
                                        HONORABLE RONALD M. WHYTE
                                        UNITED STATES DISTRICT COURT